[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS
FACTS
On June 12, 1992, the defendant, Richard Williams, filed a motion to dismiss, accompanied by a supporting memorandum of law and an affidavit, claiming: (1) insufficiency of process; (2) CT Page 1748 insufficient service of process; and (3) lack of subject matter jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1941).
The general rule is that the burden of proof is on the defendant with respect to jurisdictional issues raised pursuant to a motion to dismiss. See Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53, 459 A.2d 503 (1983). This rule "is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based upon personal or abode service, the matters stated in the return, if true, confer jurisdiction." (Internal quotation marks omitted.) Id. "There should be no presumption of the truth of the plaintiff's allegation of the additional facts necessary to confer jurisdiction." (Internal quotation marks omitted.) Id.
"[A] sheriff's return indicating that he made service by leaving an attested copy at the defendant's place of abode . . . is prima facie evidence of the facts stated therein." Genung's Inc.v. Rice, 33 Conn. Sup. 554, 558, 362 A.2d 540 (1976). Nevertheless, "it is true that those facts may be contradicted and other facts introduced to show otherwise." Id.
In the present case, the officer's return states that on April 8, 1995, Sheriff Henry F. Healey "left at the usual place of abode of Richard Williams, 225 Stony Creek Road, Branford within the named defendant a true and attested copy of the original Writ, Summons and Complaint. . . ." The sheriff's return indicating that he made service by leaving an attested copy at Williams' place of abode is prima facie evidence of the facts stated therein.
At a hearing on January 10, 1995, Williams testified that service was never made on him at 225 Stony Creek Road, Branford, Connecticut. In addition, Williams' wife submitted an affidavit concurring with her husband's testimony. Such testimony, without more, is insufficient to sustain the burden of proof necessary to establish that he was not served in compliance with General Statutes § 52-54. CT Page 1749
Accordingly, the defendant's motion to dismiss is denied.
John W. Moran, Judge